UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MIGUEL and SUSAN VENTURA,<br><br>    Plaintiffs,<br><br>V.<br><br>CENTRAL BANK,<br><br>    Defendant. | CIVIL ACTION NO. 5:14-338-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiffs' motion to remand this action to state court. (DE 5). For reasons stated below, the Court will grant the plaintiffs' motion and remand the matter to the Powell Circuit Court.

I.

Plaintiffs Miguel and Susan Ventura own and operate Miguel's Pizza and Rock Climbing Shop in Slade, Kentucky. In 2010, the Internal Revenue Service ("IRS") initiated an investigation into the Venturas' banking activity based upon information provided by Central Bank. During the course of the investigation, the IRS seized more than $300,000.00 from the Venturas and on January 17, 2013, the Venturas were indicted on charges that they structured currency transactions in violation of 31 U.S.C. § 5324(a)(3). After hearing the evidence at trial, however, a jury acquitted the Venturas on all charges.

After they were acquitted on criminal charges, the Venturas filed suit against Central Bank in state court, specifically the Powell Circuit Court. In their complaint, the Venturas assert the following claims: (1) Central Bank wrongfully invaded their privacy and violated their rights to be free from unwarranted publicity; (2) Central Bank breached

its fiduciary duty to the Venturas by disclosing confidential information and disclosing the "best" time to seize their accounts; and (3) Central Bank participated in an unfounded, malicious criminal prosecution. (DE 1-1 Compl.) The Venturas seek compensatory and punitive damages because of Central Bank's alleged wrongful disclosure of their banking activity.

Central Bank removed this action from the Powell Circuit Court on grounds that the Venturas' complaint raises issues of substantive federal law. Although Central Bank does not dispute that the Ventura's claims are founded in state law, it asserts that the matter is removable because the bank's disclosures to the IRS were made pursuant to federal law, specifically the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311, *et seq.* (DE 1).

## II.

A defendant may remove a case from state court to federal court if the plaintiff could have originally commenced the action in federal court. 28 U.S.C. § 1441(a). For instance, a plaintiff may bring an action in federal court if the matter "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The statutory grant of federal-question jurisdiction does not apply to all instances where a federal question may be an "ingredient" of the action but is limited to whether a claim "arises under" federal law under the well-pleaded complaint rule. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). Accordingly, removal based upon federal-question jurisdiction has two requirements: (1) a well-pleaded complaint and (2) a proper federal question. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064–65 (2013) (establishing the bounds of federal questions that may be removable from state court); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (affirming the well-pleaded complaint rule as a distinct element necessary for removal to federal court); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–

2

13 (2005) (acknowledging the need for both a proper federal question and a well-pleaded complaint); *see also Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011) [hereinafter *CALSTAR*] ("*Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the "implicate[s] significant federal issues" test.") (alteration and emphasis in original). The defendant bears the burden of establishing *both* requirements. *See Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008).

### A. The well-pleaded complaint rule.

"Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden*, 556 U.S. at 60 (alterations and internal quotation marks omitted) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). The plaintiff's complaint dictates whether federal jurisdiction exists, and the federal issue must be an essential element of the plaintiff's cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983).

> [T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause of action heard in state court.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Despite the primacy of the well-pleaded complaint rule, there are a number of exceptions to the rule. For instance, a plaintiff cannot avoid federal court "by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22 (the "artful pleading doctrine"). And, as a defense against the well-pleaded complaint rule, "Congress may so completely pre-empt a

3

particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987) ("complete preemption").

**B.     Actions "arising under" federal law.**

An action can "arise under" federal law, thus providing a proper federal question for removal jurisdiction, if either federal law creates the cause of action or a state claim falls within "a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn*, 133 S. Ct. at 1064–65 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). This "special and small category" of cases includes state law claims upon which a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065.

### III.

The Venturas' complaint sets forth three state law claims: (1) false light invasion of privacy; (2) breach of fiduciary duty; and (3) malicious prosecution. (DE 1-1 Compl.) Nothing on the face of the complaint invokes federal law. Moreover, there is no disputed question of federal law that must be resolved as a necessary element of any of the plaintiffs' state law claims. Therefore, this Court has no jurisdiction over any of plaintiffs' claims. *Franchise Tax Bd.*, 463 U.S. at 10–11. While the BSA provides Central Bank with immunity from the Venturas' state law claims, it does not confer federal question jurisdiction upon this court because a case may not be removed to federal court on the basis of a federal defense, even if the defense is the only question truly at issue in the case. *Caterpillar*, 482 U.S. at 399.

This case is analogous to *Mottley*. There, E.L. and Annie Mottley were injured while passengers on the Louisville and Nashville Railroad Company in 1871. 211 U.S. at 150. In consideration for releasing the railroad of any liability for their injuries, the Mottleys entered into a contract with the railroad that provided the Mottleys with free passes, renewed annually, from the railroad. *Id.* In 1906, Congress passed a bill prohibiting railroads from issuing free passes and, in compliance with the new law, the Louisville and Nashville Railroad ceased issuing the Mottleys' free passes. *Id.* The Mottleys then brought an action in federal court for specific performance to enforce their contract. *Id.* The Supreme Court dismissed the case for lacking subject matter jurisdiction because the "plaintiff's statement of his own cause of action" did not raise any federal issues despite the Supreme Court acknowledging that "in the course of the litigation, a question under the Constitution would arise." *Id.* at 152.

The Mottleys' complaint did not meet the requirements of the well-pleaded complaint rule because the complaint solely raised issues of state law. Although the railroad would certainly raise issues of federal law in defense—and those issues of federal law would preclude the Louisville and Nashville Railroad from liability—the case could not be removed from state court. Similarly, the Venturas' complaint solely raises issues of state law and Central Bank will invoke federal law to preclude liability. Nonetheless, just as federal court jurisdiction was improper for the Mottleys, federal court jurisdiction is improper for Central Bank.

Because Central Bank fails to establish that the Venturas' complaint satisfies the well-pleaded complaint rule, this Court will not analyze whether the complaint arises under federal law. *Grable*, 545 U.S. at 314; *CALSTAR*, 636 F.3d at 542.

\* \* \*   \* \* \*   \* \* \*

Additionally, removal is not proper under federal court diversity jurisdiction. Central Bank is incorporated in Kentucky, Central Bank's principal place of business is located in Lexington, Kentucky, and the alleged acts occurred in Kentucky. A resident defendant cannot remove an action based upon federal court diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

Finally, removal is not proper under any of the special removal statutes. *See Mesa v. California*, 489 U.S. 121, 136 (1989) (noting that the well-pleaded complaint rule is inapplicable under special removal statutes); *see, e.g.*, 28 U.S.C. § 1442 (special removal statute for sues against federal agencies and officers); 28 U.S.C. § 1442a (same for members of the armed forces); 28 U.S.C. § 1443 (same for civil rights cases); 28 U.S.C. § 1441(d) (same for civil actions against foreign states); 28 U.S.C. § 1444 (same for foreclosure against the United States); 28 U.S.C. § 1452 (same for bankruptcy).

\*\*\*   \*\*\*   \*\*\*

For the reasons stated above, this Court cannot exercise removal jurisdiction under federal question, diversity, or special removal statutes. Accordingly, the Court **HEREBY ORDERS** that plaintiffs' motion to remand (DE 5) is **GRANTED**.

Dated this 5th day in January, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY